UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ROCKY D. BERRY                                    CIVIL ACTION 11-1611

VERSUS                                            DISTRICT JUDGE DRELL

TOYOTA MOTOR SALES, U.S.A., INC.
                                                  MAGISTRATE JUDGE  KIRK

## REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **Doc. 7**, referred to me by the district judge for report and recommendation.

Plaintiff sues for damages as a result of an automobile accident in which he hit his jaw on the steering wheel. Suit was filed in state court in Natchitoches Parish and timely removed by the defendant to this court based on diversity jurisdiction. Defendant stated, in its Notice of Removal, that the amount in controversy exceeds the jurisdictional limits of this court, $75,000, based on the allegations contained in the petition as to injuries and based on plaintiff counsel's having advised defense counsel that plaintiff fractured his jaw in the accident. Plaintiff moves to remand asserting that defendants have failed in their burden to prove that the amount in dispute exceeds $75,000, the jurisdictional amount in this court, but attaches medical records proving that plaintiff suffered a displaced fracture of his mandible and that a second fracture was suspected. The citizenship of the parties is not disputed.

Analysis.

It is well settled that the removing party bears the burden of establishing the facts

1

necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages.  Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995).  Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938).  Where a specific amount of damages is not set forth, the legal certainty test is not applicable.  Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought, except in certain circumstances. La. Code Civ. P., Art. 893.  Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is facially apparent from the complaint that the claims are likely above $75,000, or (2) by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. Allen, 63 F.3d  at 1335.  See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however,  cite to a state statute, for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

2

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra.  While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is, not facially apparent, at the time of removal.  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra.  See also,  (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal.  Allen, 63 F.3d  at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages.  He does, however assert damages sufficient to trigger the right to a jury trial in state court, $50,000. Plaintiff alleged injury to his neck area, back area, jaw, face and chest. He claims entitlement to damages for physical and mental pain and suffering, past, present and future, medical expenses, including future medical expenses, and disability. Thus, while making one suspicious that the damages may exceed $75,000,  it is not  facially apparent that the damages may exceed the jurisdictional limit.  Rather, the claims made in this case are similar to those made with little specificity in Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Compare Luckett supra, and Gebbia, supra. Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000.

3

In order to prove jurisdiction, defendant refers to medical proof that plaintiff suffered a fracture of his jaw and also points to the list of injuries and damages sought in the petition.

The court is convinced that the jurisdictional limit of $75,000 is met. First, the jaw fracture and possible second jaw fracture is enough to place that amount in dispute. Second, the long list of damages and injuries set forth in the petition, while insufficient in this case to make the amount in dispute facially apparent, are certainly enough to tip the scales when added to the jaw fracture and $50,000 floor claimed by plaintiff.

Plaintiff, however, refers the court to a stipulation which he filed in the record after removal. The stipulation  is not in affidavit form and does not seek to clarify the amount in dispute but only to reduce it for purposes of jurisdiction. Such a stipulation, in order to be effective, had to have been filed with the complaint, as explained above. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). The attempted stipulation is, therefore, without effect.

For these reasons, IT IS RECOMMENDED that the motion to remand, doc. #7, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

4

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on December 15, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE