RECEIVED
JAN 12 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| ROCKY D. BERRY | * | NO. 1:11-CV-01611 |
| Plaintiff, | * | |
| | * | JUDGE DRELL |
| VERSUS | * | |
| | * | MAGISTRATE KIRK |
| | * | |
| TOYOTA MOTOR SALES, U.S.A., INC. | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RULING AND ORDER

Pending before this Court is a Joint Motion to Determine Need for Medicare Set Aside ("Motion") filed by plaintiff Rocky Berry and defendant Toyota Motor Sales, U.S.A., Inc. ("TMS"), for a determination of the need for a Medicare Set Aside ("MSA") for the purpose of complying with the Medicare Secondary Payer Statute, 42 U.S.C. Section 1395 and accompanying regulations, in connection with a confidential settlement between the aforesaid parties. The parties have provided the Court with evidence pertaining to, among other things, plaintiff Rocky Berry's treatment for the injuries he sustained in the accident which is the subject of this lawsuit and the payment for that treatment.

From the pleadings, the evidence, and the stipulations of the parties, the Court makes the following findings:

The Court initially finds that it has jurisdiction to consider and rule upon this Motion. In response to the Motion, the United States submitted a letter[1] dated December 16, 2014 to the Court and parties, and the Court requested that the parties provide their position on jurisdiction.

---

[1] Rec. Doc. 61-1.

1

The parties reviewed this letter and read it to be an indication that the Government is not taking a position on the need for a MSA in this case and is simply reserving any and all rights it may have in the future regarding any payments which Medicare may be called upon to make to or on behalf of Mr. Berry. The Court agrees. The Court further finds that 42 U.S.C. § 405(g) and *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) stand for the proposition that before bringing a challenge to a decision made under the Medicare statute in court, a claimant must first exhaust his administrative remedies, which process will ultimately result in a decision by the Secretary of the Department of Health and Human Services. That ultimate administrative decision may then be subject to judicial review by the courts.

However this has no application to the MSA Motion in this case because no challenge to a decision made under the Medicare statue is being made by the parties. The parties are not challenging any decision made by the Centers for Medicare and Medicaid Services ("CMS"). Rather they merely seek a determination that CMS's interests have been adequately taken into account by the settlement to which the parties have agreed. The United States is not a party to this lawsuit and there is no challenge involved to any decision of the United States and no judicial review sought. Moreover, the Court believes there is a strong public interest in resolving lawsuits, and parties to lawsuits in which a MSA is potentially at issue must necessarily look to the courts to hear motions such as this one. *See, e.g., Frank v. Gateway Ins. Co.*, 2012 U.S. Dist. LEXIS 33581, *12. Otherwise, parties will be without any means of establishing that their settlement agreement meets the requirements of the Medicare Secondary Payer statute, 42 U.S.C. 1395y(b)(2) and accompanying regulations; the Court does not believe the United States' letter intended to have this effect. The Court has jurisdiction to rule upon the MSA Motion submitted by the parties.

As for the pending Motion itself, this product-liability lawsuit against TMS arises out of a July 16, 2010, single-vehicle accident in which plaintiff Rocky D. Berry allegedly sustained injury when he drove his 1997 Toyota Corolla off the roadway on US Highway 84 in Natchitoches Parish. Toyota denied liability and contested damages. The case was set for trial for August 11, 2014; however plaintiff and TMS engaged in negotiations and on or around July 30, 2014 reached a confidential agreement to settle plaintiff's claims against TMS, pending adjudication by the Court that no MSA is required and that the interests of Medicare have been adequately protected.

Mr. Berry was receiving Social Security disability benefits prior the date of the subject accident and continues to do so, and part of the consideration for the settlement agreement is that Mr. Berry will be responsible for protecting Medicare's interest, if any, under the Medicare Secondary Payer statute, 42 U.S.C. 1395y. "Medicare does not currently have a policy or procedure in effect for reviewing or providing an opinion regarding the adequacy of the future medical aspect of a liability settlement or recovery of future medical expenses incurred in liability cases." *Big R. Towing, Inc. v. David Wayne Benoit, et al*, 10-538, 2011 U.S. Dist. LEXIS 1392, 2011 WL 43219 (W.D. La. 2011); see also, *Warren Frank v. Gateway Ins. Co.*, 6:11-cv-00121, 2012 U.S. Dist. LEXIS 33581, 2012 WL 868872 (W.D. La. 2012). Medicare "does not currently require or approve Medicare Set Asides when personal injury lawsuits are settled." *Warren Frank*, 2012 WL at *3.

Medicare made some payments for medical treatment received by Mr. Berry as a result of the accident. As regards the "liability" portion of those payments – which relates to the proposed settlement between the parties – Medicare paid a total of $781.26 in conditional

payments on Mr. Berry's behalf, and required Mr. Berry to repay $447.02.[2] That amount was paid, and on October 22, 2014 the Centers for Medicare and Medicaid (CMS) acknowledged payment and declared its file on the matter to be closed.[3]

Medicare has stated that it has not paid any Part A or B Fee-for-Service claims related to the subject accident.[4]

Mr. Berry's counsel, J.W. Wiley, Jr. paid for the remaining dental treatment obtained by Mr. Berry in relation to the subject accident.[5]

According to letters from CMS dated October 22, 2014, and October 23, 2014, CMS has been reimbursed for all conditional payments and has closed its files on this case.[6] Medicare has therefore been reimbursed for all payments that it made for Mr. Berry's treatment in relation to the subject accident.

Mr. Berry's current treating physician – Dr. Stephen Katz, M.D. – has evaluated Mr. Berry's current and future medical needs and set out his opinion in an affidavit dated November 25, 2014.[7] Dr. Katz treated Mr. Berry prior to the subject accident, and also treated him post-accident for the aggravation of his pre-existing back injuries sustained as a result of the subject accident. It is Dr. Katz's opinion that Mr. Berry has completed his course of treatment for injuries relating to the subject accident. Dr. Katz does not reasonably anticipate that Mr. Berry will require further treatment for his back injuries relating to the subject accident in the future.

---

[2] Rec. Doc. 58-3.

[3] Rec. Doc. 58-5.

[4] Rec. Doc. 58-7.

[5] Rec. Doc. 58-8.

[6] Rec. Docs. 58-5 and 58-7.

[7] Rec. Doc. 58-9.

Mr. Berry's treating dentist – David Carlton, III, D.D.S. – has evaluated Mr. Berry's current and future dental needs and set out his opinion in an affidavit dated November 25, 2014.[8] Dr. Carlton treated Mr. Berry post-accident for injuries he sustained to his jaw as a result of the subject accident. According to Dr. Carlton, Mr. Berry has completed his course of treatment for injuries relating to the subject accident and is no longer being treated by him. Dr. Carlton does not reasonably anticipate that Mr. Berry will require further treatment for his jaw injuries in the future. Dr. Carlton did not receive any payments from Medicare for his treatment of Mr. Berry.

The Court finds Dr. Katz's and Dr. Carlton's assessments of Mr. Berry's future medical needs to be both reasonable and reliable. Additionally, Mr. Berry made an affidavit on November 27, 2014 to the effect that he is not currently, and does not anticipate in the future, undergoing any further medical or dental treatment related to the subject accident.[9]

Based on the evidence presented, including the evidence of Mr. Berry's treating medical providers and correspondence from CMS, the Court believes that there is no need for a MSA as part of the settlement of this case. The Court finds that Medicare has been reimbursed for all conditional payments that it has made for Mr. Berry's accident-related treatment and, as it is not reasonably anticipated that Mr. Berry will receive any further accident-related treatment in the future, Medicare will not be called upon to pay for any accident-related treatment in the future.

The United States' letter of December 16, 2014 to the Court and parties indicated it is not taking a position on the need for a MSA in this case but is reserving any rights it may have in the future regarding any payments which Medicare may be called upon to make. The United States

---

[8] Rec. Doc. 58-10.

[9] Rec. Doc. 58-4.

has provided no notice of any further conditional payments with respect to Mr. Berry for which it intends to seek reimbursement or that it has reopened its files as to this case.

There is no evidence that any parties to this lawsuit or their counsel, or any of Mr. Berry's medical providers, are attempting to maximize other aspects of the settlement to Medicare's detriment.

The finding that there is no requirement for a MSA for future accident-related treatment which may be covered by Medicare, and which is related to what was claimed and released in this lawsuit, reasonably and fairly takes Medicare's interests into account in that it is based on reasonably foreseeable medical needs, the most recent information from CMS, and Mr. Berry's treating medical providers. Since Medicare provides no other procedure by which to determine the adequacy of protecting Medicare's interests for future medical needs and/or expenses in conjunction with the settlement of third-party claims, and since there is a strong public interest in resolving lawsuits through settlement, the Court finds that Medicare's interests have been adequately protected in this settlement within meaning of the Medicare Secondary Payer Statute and that, based on the evidence provided by the parties, no MSA is required in this matter.

Alexandria, Louisiana, this ___10___ day of ___JANUARY___, 2015.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT